# EXHIBIT A

## Answer to First
## Amended Complaint

# EXHIBIT A

Electronically Filed
2/23/2021 3:37 PM
Steven D. Grierson
CLERK OF THE COURT

1    **AACC**
GARG GOLDEN LAW FIRM

2    ANTHONY B. GOLDEN, ESQ.
Nevada Bar No. 9563

3    AMANDA J. BROOKHYSER, ESQ.
Nevada Bar No. 11526

4    3145 St. Rose Parkway, Suite 230
Henderson, Nevada 89052

5    Tel:  (702) 850-0202
Fax:  (702) 850-0204

6    Email: agolden@garggolden.com
Email: abrookhyser@garggolden.com

7

   Counsel for Defendant Paula Hambly

8

9              EIGHTH JUDICIAL DISTRICT COURT

10                CLARK COUNTY, NEVADA

11

| | |
|---|---|
| 12   PROCARE HOSPICE OF NEVADA, LLC, a Nevada entity; GREG WALSKI, an individual, ROBERTA WALSKI, an individual, MARK BIRNBAUM, an individual, CONNIE BIRNBAUM, an individual, CLEVIS PARKER, an individual, | CASE NO.: A-21-827603-C<br><br>DEPT. NO.: XXIX<br><br>**ANSWER TO FIRST AMENDED COMPLAINT, JURY DEMAND, AND COUNTERCLAIM** |

16                  Plaintiffs

17

18      v.

19    ADAM PERELGUT, an individual;
AMBER PERELGUT, an individual;

20    RACHEL HERNANDEZ, an individual;
PAULA HAMBLY, an individual;

21    EDUARDO LOPEZ, an individual;
JOSEFINA VIEYRA, an individual;

22    LAURA MUNOZ, an individual;
DANIELLE DAVIS, an individual; DAWN

23    BORK, an individual; JOAN WARD, an
individual; KATHLEEN ARFUSO, an

24    individual; CAESAR SOTO, an individual;

25    ALLISON RANDALL, an individual;
ONECARE HOSPICE, LLC, ONECARE

26    HEALTH SERVICES, LLC, ONECARE

27    HOME HEALTH SERVICES, LLC d/b/a

28

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1  ONECARE HOME HEALTH AND
   HOSPICE, a Nevada entity;
2  COMMUNITY HOME HEALTHCARE,
   LLC; DOES 1-10; and ROE
3  CORPORATIONS 1-10, inclusive,

4
                    Defendants.
5

6         Defendant/Counterclaimant PAULA HAMBLY ("PAULA"), by and through

7  her counsel of record Anthony B. Golden, Esq., and Amanda J. Brookhyser, Esq., of

8  GARG GOLDEN LAW FIRM, hereby submits this Answer to Plaintiffs' First

9  Amended Complaint and further submits this Counterclaim against Defendants

10 PROCARE HOSPICE OF NEVADA, LLC ("PROCARE") and MARK BIRNBAUM

11 ("BIRNBAUM") as follows:

12         **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

13                      **PARTIES AND JURISDICTION**

14         1.    In answering Paragraphs 1, 2, 3, 4, 5, 7, 8, 9, 10 11, 12, 13, 14, 15, 16,

15 19, 20, and 21 of the section entitled Parties and Jurisdiction, PAULA is without

16 sufficient information or knowledge to form a basis as to the truth or falsity of the

17 allegations contained therein and upon that basis, denies each and every allegation

18 contained therein.

19         2.    In answering Paragraph 6 of the section entitled Parties and

20 Jurisdiction, PAULA admits that she is a former resident of Clark County, Nevada

21 and is now a resident of the State of Oregon and denies all remaining allegations.

22         3.    PAULA denies each and every allegation as set forth in paragraphs 17

23 and 18 of the section entitled Parties and Jurisdiction.

24                                  **FACTS**

25         4.    In answering Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32,

26 33, 34, 35, 36, 37, 38, 39, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, and

27 61 of the section entitled Facts, PAULA is without sufficient information or

28 knowledge to form a belief as to the truth or falsity of the allegations contained

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1   therein and upon that basis, denies each and every allegation contained therein.

2      5.      In answering Paragraph 27 of the section entitled Facts, PAULA admits

3   that she is a former employee of PROCARE and denies all remaining allegations.

4      6.      In answering Paragraph 40 of the section entitled Facts, PAULA admits

5   that she is Amber Perelgut's mother and denies all remaining allegations.

6      7.      In answering Paragraph 45 of the section entitled Facts, PAULA admits

7   that she was terminated on or about July 10, 2020 but denies each and every

8   allegation contained therein.

9      8.      PAULA denies each and every allegation as set forth in Paragraphs 41,

10  42, 43, 44, 62, 63, 64, and 65 of the section entitled Facts.

## FIRST CAUSE OF ACTION

12      9.      In answering Paragraph 66 of the First Cause of Action, PAULA repeats

13  and realleges her responses to Paragraphs 1 through 65 of the Complaint.

14      10.     In answering Paragraph 67 of the First Cause of Action, PAULA is

15  without sufficient information or knowledge to form a belief as to the truth or falsity

16  of the allegations contained therein and upon that basis, denies each and every

17  allegation therein.

18      11.     PAULA denies each and every allegation as set forth in Paragraphs 68,

19  69, 70, 71, 72, 73, 74, 75, 76, 77, and 78 of the First Cause of Action.

## SECOND CAUSE OF ACTION

21      12.     In answering Paragraph 79 of the Second Cause of Action, PAULA

22  repeats and realleges her responses to Paragraphs 1 through 78 of the Complaint.

23      13.     As Paragraph 80 of the Second Cause of Action contains legal

24  conclusions, PAULA can neither admit nor deny the allegations contained therein.

25      14.     PAULA denies each and every allegation as set forth in Paragraphs 81,

26  82, 83, 84, and 85 of the Second Cause of Action.

## THIRD CAUSE OF ACTION

28      15.     In answering Paragraph 86 of the Third Cause of Action, PAULA

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

repeats and realleges her responses to Paragraphs 1 through 85 of the Complaint.

16.   As Paragraphs 87, 88, and 89 of the Third Cause of Action concern other Defendants, PAULA can neither admit nor deny the allegations contained therein.

### FOURTH CAUSE OF ACTION

17.   In answering Paragraph 90 of the Fourth Cause of Action, PAULA repeats and realleges her responses to Paragraphs 1 through 89 of the Complaint.

18.   PAULA denies each and every allegation as set forth in Paragraphs 691, 92, 93, 94, 95, and 96 of the Fourth Cause of Action.

### FIFTH CAUSE OF ACTION

19.   In answering Paragraph 97 of the Fifth Cause of Action, PAULA repeats and realleges her responses to Paragraphs 1 through 96 of the Complaint.

20.   PAULA denies each and every allegation as set forth in Paragraphs 98, 99, 100, 101, 102, and 103 of the Fifth Cause of Action.

### SIXTH CAUSE OF ACTION

21.   In answering Paragraph 104 of the Sixth Cause of Action, PAULA repeats and realleges her responses to Paragraphs 1 through 103 of the Complaint.

22.   PAULA denies each and every allegation as set forth in Paragraphs 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, and 115 of the Sixth Cause of Action.

### SEVENTH CAUSE OF ACTION

23.   In answering Paragraph 116 of the Seventh Cause of Action, PAULA repeats and realleges her responses to Paragraphs 1 through 115 of the Complaint.

24.   As Paragraphs 117, 118, and 119 of the Seventh Cause of Action concern other Defendants, PAULA can neither admit nor deny the allegations contained therein.

### EIGHTH CAUSE OF ACTION

25.   In answering Paragraph 120 of the Eighth Cause of Action, PAULA repeats and realleges her responses to Paragraphs 1 through 119 of the Complaint.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

4 of 18

26.    As Paragraphs 121, 122, 123, 124, 125, and 126 of the Eighth Cause of Action concern other Defendants, PAULA can neither admit nor deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim on which relief can be granted.

2.    To the extent applicable, the Complaint is barred by the applicable statutes of limitations.

3.    Defendant did not breach any duty owed to Plaintiffs under state or federal law.

4.    Plaintiff's alleged damages, if any, were in no way caused by, or the result of, Defendant's acts or omissions, but were caused by circumstances, persons, and/or entities for which and/or by whom Defendant is not and may not be held responsible, including Plaintiffs, and for which Defendant cannot be held liable.

5.    To the extent applicable, Plaintiffs have failed to mitigate damages, and to the extent of such failure, any damages awarded to Plaintiffs should be reduced accordingly.

6.    Plaintiffs have failed to allege facts sufficient to justify an award of punitive damages, liquidated damages, consequential damages or attorney's fees.

7.    Defendant asserts that punitive damages and/or liquidated damages constitute excessive fines prohibited by the United States and Nevada Constitutions. The relevant statutes do not permit punitive damages, provide adequate standards or safeguards for their application, and are void for vagueness under the due process clause of the Fourteenth Amendment of the United States Constitution and in accordance with Article 1, Section 8 of the Nevada Constitution.

8.    Defendant is informed and believes that the facts to be developed through discovery in this action may reveal additional affirmative defenses. Therefore, Defendant reserves the right to amend this Answer to include any additional affirmative defenses later found to be applicable.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

5 of 18

9.    Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

10.    Plaintiffs' damages are the result of Plaintiffs' own acts or omissions, whether negligent, intentional, or otherwise, and not the result of acts of omissions of Defendant.

11.    Plaintiffs have failed to allege facts sufficient to justify injunctive relief.

12.    Plaintiffs failed to satisfy all conditions precedent to any rights they are attempting to assert under their contract claims.

13.    Any damages Plaintiffs claim are offset by amounts owed to Defendant.

14.    Plaintiffs' contract claim fails for lack of consideration in the relevant contract.

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1.    That Plaintiffs take nothing by virtue of the First Amended Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiffs;

3.    That Defendant be awarded attorneys' fees and costs; and

4.    For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM AND DEMAND FOR JURY TRIAL

### PARTIES

1.    PAULA was a resident of Clark County, Nevada when the incidents alleged in the Counterclaim took place. PAULA is now a resident of the State of Oregon.

2.    Upon information and belief, PROCARE is a business entity licensed to do business in Clark County, Nevada.

3.    Upon information and belief, Defendant BIRNBAUM is an individual who resides in Clark County, Nevada.

### GENERAL ALLEGATIONS

4.    PAULA was hired by PROCARE in 2014 as a marketing liaison. She was promoted to Marketing Director in June 2019.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

5.     When PAULA was promoted to Marketing Director, she was not given a raise but was expected to be available twenty-four (24) hours a day, seven (7) days a week and to take calls on weekends and during vacations.

6.     While PAULA was an employee at PROCARE, her supervisors and the owners of PROCARE would regularly make discriminatory and demeaning comments to her about her age and gender.

7.     Derrick Montemayor, who was PAULA's supervisor and, at the time, the fiancé of an owner of PROCARE, told her that she was "too old for the job" and further told her that his female employees should wear short skirts to work.

8.     Mr. Montemayor made belittling comments to PAULA at work luncheons, in front of referral sources and PAULA's accounts.

9.     At one meeting in particular, in front of several members of management and the owners, Mr. Montemayor berated PAULA for her marketing report.

10.     He removed Ms. Hambly from the field, where she was succeeding, and only allowed her to call on referrals. There was no nondiscriminatory purpose for this change.

11.     Ms. Hambly reported this conduct to Human Resources, and no disciplinary action was ever taken against Mr. Montemayor. Upon information and belief, PAROCARE did not do any investigation into PAULA's allegations.

12.     PAULA went further and reported Mr. Montemayor's behavior to one of the owners, BIRNBAUM, who replied, "Well, you know he is family, and he sleeps with the owner." Nothing was done.

13.     Additionally, PAULA experienced other unlawful conduct while she was employed by PROCARE.

14.     BIRNBAUM, as recently as January 2020, would kiss PAULA on the lips when he would see her. These kisses were not consented to by PAULA and were not welcome.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

7 of 18

15.   BIRNBAUM had a habit of kissing female employees on the lips without their consent or invitation. It was well-known by the female employees of PROCARE that if they saw BIRNBAUM, they would need to prepare themselves for unwanted physical contact.

16.   BIRNBAUM's offensive conduct was also witnessed by customers of PROCARE who also, upon information and belief, found it offensive and inappropriate.

17.   Every time PAULA worked with BIRNBAUM, or interacted with him at work, she had to prepare herself for unwanted and offensive contact. PAULA would even try to run her cheek away from BIRNBAUM in these instances to stop him from making contact with her lips.

18.   PAULA had to work with BIRNBAUM and, in many instances, had to be in a car or a room alone with him. This caused PAULA significant emotional distress as she was always anticipating his next offensive comment or more harmful physical contact.

19.   BIRNBAUM would regularly make demeaning comments about younger female employees' appearances in front of PAULA, including making comments about how the younger female employees do better on their knees.

20.   Specifically, in addressing one female employee, BIRNBAUM commented that one only needed to look at her knees to know she was a good marketer.

21.   BIRNBAUM engaged in this harmful and offensive conduct during business hours, while PAULA was forced to work alongside him.

22.   BIRNBAUM engaged in this harmful and offensive conduct during the course and scope of his assigned activities on behalf of PROCARE. BIRNBAUM further engaged in this harmful and offensive conduct with PROCARE's ratification.

23.   It was foreseeable to PROCARE that BIRNBAUM would engage in such harmful and offensive conduct towards PAULA as BIRNBAUM had a history of such

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

contact with other female employees and PROCARE, through its owners and agents, was aware of such a history and did nothing to address it.

24.    PAULA complained about BIRNBAUM's actions and his unwanted physical contact on many, many occasions. She was told by PROCARE that BIRNBAUM's behavior was inappropriate but there was nothing done about it. BIRNBAUM continued this kind of unwanted physical contact with female employees for the entirety of PAULA's employment with PROCARE.

25.    PAULA began to hear rumors in January 2020 that she was going to be fired. It was well-known to PAULA and to many of her co-employees that PROCARE was attempting to terminate her because of her age.

26.    Roberta Walski, who is an owner and Chief Executive Officer of PROCARE, made comments such as the "only good thing about Paula is that she is capable of closing."

27.    In approximately February 2020, PAULA moved to Oregon. She had already been working from home and PROCARE approved her move.

28.    On March 3, 2020 PROCARE decided to eliminate PAULA's position title even though the work of a marketing director was still necessary and was still being performed by her.

29.    Her pay was cut by more than $40,000.00—from $108,000.00 annually plus commissions to $70,000.00 annually with no commissions—because, as she was told, she was "way over paid."

30.    PAULA was not given written notice of the decrease in her pay.

31.    While PAULA's pay was cut, Mr. Montemayor's pay remained the same even though he had been removed from the position of Director of Business Development several years prior yet was allowed to keep the salary and the title so as not to "break his spirit."

32.    Mr. Montemayor and PAULA were similarly situated in their titles as Director of Business Development and Director of Marketing respectively.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

33.   In fact, three (3) female employees on PAULA's team—all younger than her but with less experience and seniority—made $75,000.00, $83,000.00, and $88,000.00 annually with commissions.

34.   On June 29, 2020 during a phone call with numerous team members, Kim Anderson, who was the new Chief Strategy Officer, demeaned PAULA in front of her coworkers.

35.   Ms. Anderson continued to target PAULA in several other phone conversations on that day, berating her and chiding her for perceived mistakes that PAULA did not make.

36.   Ms. Anderson yelled at PAULA over the phone and told her that she cost PROCARE accounts and that she "blew it."

37.   It was clear to PAULA that PROCARE, through its employees, agents, and owners, created an environment that was so difficult and unpleasant for PAULA that she would quit or PROCARE would be able to fire her under a pretense.

38.   The working environment created by PROCARE, through its employees, agents, and owners was hostile and discriminatory. PROCARE's discriminatory practices were witnessed by several employees who acknowledge that PAULA was discriminated against because of her age.

39.   PAULA sent a Complaint to Human Resources on June 29, 2020 concerning Ms. Anderson's conduct, and no action was taken. PAULA was wrongfully terminated shortly after filing her Complaint on July 10, 2020 in retaliation.

40.   PAULA timely filed a Complaint with the Equal Employment Opportunity Commission (EEOC) concerning Defendant's conduct.

41.   PAULA has completed the intake process and is awaiting her Notice of Right to Sue.

42.   Once the Notice of Right to Sue is received, PAULA will seek to amend her Complaint to include appropriate additional causes of action but because of the timing obligations under the Rules concerning PAULA's Answer to First Amended

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

10 of 18

1   Complaint, PAULA had no choice but to file prior to receiving her Notice of Right to

2   Sue.

## FIRST CAUSE OF ACTION

### Battery

### (Against BIRNBAUM)

6   43.   Plaintiff repeats and realleges all the foregoing allegations as though

7   fully set forth herein.

8   44.   BIRNBAUM made a habit of kissing female employees, including

9   PAULA, on the lips without invitation or consent.

10   45.   The physical contact by BIRNBAUM with PAULA's person was

11   unwanted, offensive, and harmful.

12   46.   BIRNBAUM intended to cause such harmful and offensive contact with

13   PAULA as was his pattern and practice for the entirety of PAULA's employment with

14   PROCARE.

15   47.   BIRNBAUM did cause harmful and offensive contact with PAULA.

16   48.   PROCARE is vicariously liable for BIRNBAUM's actions because those

17   actions were not independent ventures, were committed during the very tasks

18   assigned to BIRNBAUM by PROCARE and were reasonably foreseeable.

19   49.   As a direct, proximate and legal result of BIRNBAUM's actions, PAULA

20   has been injured.

21   50.   As a direct, proximate, and legal result of BIRNBAUM's offensive and

22   harmful contact, Plaintiff has been damaged in excess of $15,000.00.

23   51.   BIRNBAUM is guilty of oppression, fraud, and/or malice, express or

24   implied, because BIRNBAUM knowingly and intentionally caused harmful and

25   offensive contact to the person of PAULA.

26   52.   Plaintiff has been required to retain legal counsel to enforce her rights

27   and seeks recovery of all reasonable attorney's fees and costs incurred in this action.

28   / / /

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

11 of 18

## SECOND CAUSE OF ACTION

### Assault

### (Against BIRNBAUM)

53.    Plaintiff repeats and realleges all the foregoing allegations as though fully set forth herein.

54.    An actor commits assault when he causes another to fee apprehension of harmful or offensive conduct.

55.    On every occasion that PAULA knew she had to work with BIRNBAUM or see him, she felt apprehension because she knew he would engage in offensive contact by kissing her on the lips without invitation or consent.

56.    BIRNBAUM's conduct was the direct and proximate cause of injury to PAULA.

57.    PROCARE is vicariously liable for BIRNBAUM's actions because those actions were not independent ventures, were committed during the very tasks assigned to BIRNBAUM by PROCARE and were reasonably foreseeable.

58.    As a direct, proximate and legal result of BIRNBAUM's actions, PAULA has been injured.

59.    As a direct, proximate, and legal result of BIRNBAUM's offensive and harmful contact, Plaintiff has been damaged in excess of $15,000.00.

60.    BIRNBAUM is guilty of oppression, fraud, and/or malice, express or implied, because BIRNBAUM knowingly and intentionally caused harmful and offensive contact to the person of PAULA.

61.    Plaintiff has been required to retain legal counsel to enforce her rights and seeks recovery of all reasonable attorney's fees and costs incurred in this action.

## THIRD CAUSE OF ACTION

### Negligent Hiring, Training, Supervision, and Retention

### (Against PROCARE)

62.    Plaintiff repeats and realleges all the foregoing allegations as though

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1  fully set forth herein.

2  63.  PROCARE had a duty to act reasonably in the hiring, training,

3  supervision, and retention of employees and agents.

4  64.  PROCARE had a duty to train their employees on applicable policies

5  and procedures that must be followed when investigating a complaint such as that

6  made by Plaintiff in this matter.

7  65.  PROCARE had a duty to supervise their employees in a reasonable

8  manner so as to assure that their employees were following all applicable policies and

9  procedures.

10  66.  PROCARE had a duty to supervise all employees to assure that no

11  employee was taking discriminatory, harassing, or other improper actions against

12  another employee.

13  67.  BIRNBAUM, Mr. Montemayor, Ms. Anderson, Ms. Walski, and other

14  unknown employees of PROCARE acted in harassing, discriminatory, and offensive

15  ways towards PAULA.

16  68.  Upon information and belief, BIRNBAUM, Mr. Montemayor, Ms.

17  Anderson, Ms. Walski, and other unknown employees of PROCARE failed to

18  adequately protect PAULA from harassing, discriminatory, and offensive conduct

19  and failed to appropriately address and investigate such conduct when PAULA

20  brought it to their attention on multiple occasions.

21  69.  PROCARE's conduct was the direct and proximate cause of injury to

22  PAULA.

23  70.  As a direct, proximate and legal result of PROCARE's actions, PAULA

24  has been injured.

25  71.  As a direct, proximate, and legal result of PROCARE's actions, Plaintiff

26  has been damaged in excess of $15,000.00.

27  72.  Plaintiff has been required to retain legal counsel to enforce her rights

28  and seeks recovery of all reasonable attorney's fees and costs incurred in this action.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

## FOURTH CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

### (Against PROCARE)

73.     Plaintiff repeats and realleges all the foregoing allegations as though fully set forth herein.

74.     At all relevant times, PAULA was an employee of PROCARE and PROCARE was her employer within the meaning of the Fair Labor Standards Act (FLSA).

75.     In or around March 3, 2020 PROCARE eliminated PAULA's position title but kept her duties and responsibilities the same. Additionally, PROCARE cut her pay by more than $40,000.00—from $108,000.00 annually plus commissions to $70,000.00 annually with no commissions—because, as she was told, she was "way over paid."

76.     While PAULA's pay was cut, Mr. Montemayor's pay remained the same even though he had been removed from the position of Director of Business Development several years prior yet was allowed to keep the salary and the title so as not to "break his spirit."

77.     The actions of PROCARE as described herein constitute violations of the FLSA, including, among other provisions, its Equal Pay Act, for discrimination in pay based upon PAULA's gender.

78.     PAROCARE knew or should have known of their unlawful conduct.

79.     Mr. Montemayor and PAULA were similarly situated in their titles as Director of Business Development and Director of Marketing respectively.

80.     PROCARE is liable to PAULA for its unlawful conduct under the FLSA.

81.     As a direct and proximate result of PROCARE's conduct, PAULA has suffered irreparable injury and monetary damages.

82.     PROCARE's conduct was willful as defined by the FLSA, thereby warranting the imposition of liquidated damages.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

14 of 18

83. As a direct, proximate, and legal result of PROCARE's actions, Plaintiff has been damaged in excess of $15,000.00.

84. Plaintiff has been required to retain legal counsel to enforce her rights and seeks recovery of all reasonable attorney's fees and costs incurred in this action.

### FIFTH CAUSE OF ACTION

### Declaratory Relief

85. Plaintiff repeats and realleges all the foregoing allegations as though fully set forth herein.

86. A justiciable controversy exists between PAULA and Defendants with respect to the non-compete agreement and the restrictive covenants therein and whether those agreements are enforceable.

87. There was no adequate consideration for the non-compete agreement and the restrictive covenants therein as PAULA's compensation was reduced. Moreover, the non-compete agreement and the restrictive covenants therein are overly burdensome and overly broad, in violation of Nevada law.

88. This non-compete agreement and the restrictive covenants therein have precluded PAULA from engaging in employment or other activity that she otherwise would be able to engage in.

89. These issues are ripe for judicial determination.

90. Plaintiff respectfully requests this Honorable Court declare that the non-compete agreement at issue in this case, and the restrictive covenants therein, are unenforceable under Nevada law.

91. As a direct proximate and legal result of Defendants' actions as alleged herein, PAULA has faced irreparable harm for which declaratory and other injunctive and equitable relief is appropriate and necessary.

92. Plaintiff has been required to retain legal counsel to enforce her rights and seeks recovery of all reasonable attorney's fees and costs incurred in this action.

/ / /

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

15 of 18

## SIXTH CAUSE OF ACTION

### Injunctive Relief

93. Plaintiff repeats and realleges all the foregoing allegations as though fully set forth herein.

94. PAULA has a strong likelihood of prevailing on the merits in this action. Defendants' egregious conduct, as describe herein throughout, establishes the elements of the claims alleged herein.

95. Because PROCARE has systematically interfered with PAULA's ability to make a living by insisting on her complying with an unlawful non-compete agreement, PROCARE has caused PAULA immediate and irreparable harm that is not compensable with monetary damages.

96. PAULA has no adequate remedy at law for Defendants' actions and conduct, as alleged herein, as monetary damages will not fully compensate her for the consequences of Defendants' unlawful activities.

97. The balance of hardships tips sharply in favor of PAULA. Failing to grant injunctive relief will provide PROCARE with an unfair advantage.

98. Accordingly, PAULA is entitled to an injunction prohibiting PROCARE from enforcing the non-compete agreement.

99. Injunctive relief is appropriate as monetary damages are insufficient to protect PAULA's rights and privileges to continue employment free from interference and interruption.

100. Plaintiff has been required to retain legal counsel to enforce her rights and seeks recovery of all reasonable attorney's fees and costs incurred in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff as follows:

1. Awarding judgment as appropriate and requiring Defendants to pay Plaintiff's compensatory damages, consequential damages, special damages, and any

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

16 of 18

1    other damages described herein and to be proven at trial, including back pay, and

2    front pay, in an amount in excess of $15,000.00;

3        2.     Awarding prejudgment interest;

4        3.     Awarding punitive damages;

5        4.     Awarding Plaintiff fees and costs associated with bringing this action,

6    in addition to reasonable attorney's fees as provided by the United States and or the

7    Nevada statutes; and

8        5.     Granting such other and further relief as this Court deems necessary

9    and proper.

10   **JURY DEMAND**

11   Plaintiff demands a jury trial on all issues triable by a jury herein.

12   Dated this 23rd day of February, 2021.

13

14           GARG GOLDEN LAW FIRM

15

16           By___*Amanda J. Brookhyser*___
             AMANDA J. BROOKHYSER

17           Nevada Bar No. 11526
             3145 St. Rose Parkway, Suite 230

18           Henderson, Nevada 89052
             (702) 850-0202

19           Counsel for Defendant Paula
             Hambly

20

21

22

23

24

25

26

27

28

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

17 of 18

1  <u>CERTIFICATE OF SERVICE</u>

2          I certify that on the 23rd day of February, 2021, I electronically served the

3  foregoing **ANSWER TO FIRST AMENDED COMPLAINT, JURY DEMAND, AND**

4  **COUNTERCLAIM** on the following counsel electronically:

5                                    Joseph R. Ganley, Esq.
                                    David M. Doto, Esq.
6                                    Richard L. Wade, Esq.
                                    HUTCHISON & STEFFEN, PLLC
7                                    Peccole Professional Park
                                    10080 West Alta Drive, Suite 200
8                                    Las Vegas, NV 89145
                                    (702) 385-2500
9                                    Counsel for Plaintiffs

10                                                    By _*Kavita Narh*_____
                                                    For Garg Golden Law Firm
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202