# EXHIBIT B

# Amended Answer to First Amended Complaint

# EXHIBIT B

Electronically Filed
3/29/2021 1:11 PM
Steven D. Grierson
CLERK OF THE COURT

1  AACC
   GARG GOLDEN LAW FIRM
2  ANTHONY B. GOLDEN, ESQ.
   Nevada Bar No. 9563
3  AMANDA J. BROOKHYSER, ESQ.
   Nevada Bar No. 11526
4  3145 St. Rose Parkway, Suite 230
   Henderson, Nevada 89052
5  Tel:  (702) 850-0202
   Fax:  (702) 850-0204
6  Email: agolden@garggolden.com
   Email: abrookhyser@garggolden.com
7
   Counsel for Defendant Paula Hambly
8

9              EIGHTH JUDICIAL DISTRICT COURT

10                  CLARK COUNTY, NEVADA

11

12 | PROCARE HOSPICE OF NEVADA, LLC,    CASE NO.: A-21-827603-C
   | a Nevada entity; GREG WALSKI, an
13 | individual, ROBERTA WALSKI, an      DEPT. NO.: XIII
   | individual, MARK BIRNBAUM, an
14 | individual, CONNIE BIRNBAUM, an
   | individual, CLEVIS PARKER, an       **AMENDED ANSWER TO FIRST**
15 | individual,                         **AMENDED COMPLAINT, JURY**
                                         **DEMAND, AND FIRST AMENDED**
16                                       **COUNTERCLAIM**
                  Plaintiffs
17
        v.
18
   ADAM PERELGUT, an individual;
19 AMBER PERELGUT, an individual;
   RACHEL HERNANDEZ, an individual;
20 PAULA HAMBLY, an individual;
   EDUARDO LOPEZ, an individual;
21 JOSEFINA VIEYRA, an individual;
   LAURA MUNOZ, an individual;
22 DANIELLE DAVIS, an individual; DAWN
   BORK, an individual; JOAN WARD, an
23 individual; KATHLEEN ARFUSO, an
   individual; CAESAR SOTO, an individual;
24 ALLISON RANDALL, an individual;
   ONECARE HOSPICE, LLC, ONECARE
25 HEALTH SERVICES, LLC, ONECARE
   HOME HEALTH SERVICES, LLC d/b/a
26
27
28

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1   ONECARE HOME HEALTH AND
2   HOSPICE, a Nevada entity;
    COMMUNITY HOME HEALTHCARE,
3   LLC; DOES 1-10; and ROE
    CORPORATIONS 1-10, inclusive,
4
                    Defendants.
5

6       Defendant/Counterclaimant PAULA HAMBLY ("PAULA"), by and through

7   her counsel of record Anthony B. Golden, Esq., and Amanda J. Brookhyser, Esq., of

8   GARG GOLDEN LAW FIRM, hereby submits this Amended Answer to Plaintiffs'

9   First Amended Complaint and further submits this Amended Counterclaim against

10  Defendants PROCARE HOSPICE OF NEVADA, LLC ("PROCARE") and MARK

11  BIRNBAUM ("BIRNBAUM") as follows:

12      **AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

13                      **PARTIES AND JURISDICTION**

14      1.      In answering Paragraphs 1, 2, 5, 7, 8, 9, 10 11, 12, 13, 14, 15, 16, 19, 20,

15  and 21 of the section entitled Parties and Jurisdiction, PAULA is without sufficient

16  information or knowledge to form a basis as to the truth or falsity of the allegations

17  contained therein and upon that basis, denies each and every allegation contained

18  therein.

19      2.      In answering Paragraph 6 of the section entitled Parties and

20  Jurisdiction, PAULA admits that she is a former resident of Clark County, Nevada

21  and is now a resident of the State of Oregon and denies all remaining allegations.

22      3.      PAULA admits the allegations as stated in Paragraphs 3 and 4 of the

23  section entitled Parties and Jurisdiction.

24      4.      PAULA denies each and every allegation as set forth in paragraphs 17

25  and 18 of the section entitled Parties and Jurisdiction.

26                              **FACTS**

27      5.      In answering Paragraphs 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39,

28  46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 of the section entitled

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

2 of 24

1    Facts, PAULA is without sufficient information or knowledge to form a belief as to

2    the truth or falsity of the allegations contained therein and upon that basis, denies

3    each and every allegation contained therein.

4         6.    In answering Paragraphs 22, 23, and 24 of the section entitled Facts,

5    PAULA, upon information and belief, admits the allegations contained therein.

6         7.    PAULA admits the allegations as contained in Paragraphs 25, 41, 42,

7    43 and 44 of the section entitled Facts.

8         8.    In answering Paragraph 27 of the section entitled Facts, PAULA admits

9    that she is a former employee of PROCARE and denies all remaining allegations.

10        9.    In answering Paragraph 40 of the section entitled Facts, PAULA admits

11   that she is Amber Perelgut's mother and a former employee of PROCARE and denies

12   all remaining allegations.

13        10.   In answering Paragraph 45 of the section entitled Facts, PAULA admits

14   that she was terminated on or about July 10, 2020 but denies each and every

15   allegation contained therein.

16        11.   PAULA denies each and every allegation as set forth in Paragraphs 62,

17   63, 64, and 65 of the section entitled Facts as those allegations apply to her. As to

18   allegations that apply to other Defendants, PAULA is without sufficient information

19   or knowledge to form a belief as to the truth or falsity of the allegations contained

20   therein.

21                        **FIRST CAUSE OF ACTION**

22        12.   In answering Paragraph 66 of the First Cause of Action, PAULA repeats

23   and realleges her responses to Paragraphs 1 through 65 of the Complaint.

24        13.   In answering Paragraph 67 of the First Cause of Action, PAULA is

25   without sufficient information or knowledge to form a belief as to the truth or falsity

26   of the allegations contained therein and upon that basis, denies each and every

27   allegation therein.

28        14.   PAULA denies each and every allegation as set forth in Paragraphs 68,

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1    69, 70, 71, 72, 73, 74, 75, 76, 77, and 78 of the First Cause of Action.

2                    **SECOND CAUSE OF ACTION**

3          15.    In answering Paragraph 79 of the Second Cause of Action, PAULA

4    repeats and realleges her responses to Paragraphs 1 through 78 of the Complaint.

5          16.    As Paragraph 80 of the Second Cause of Action contains legal

6    conclusions, PAULA can neither admit nor deny the allegations contained therein.

7          17.    PAULA denies each and every allegation as set forth in Paragraphs 81,

8    82, 83, 84, and 85 of the Second Cause of Action.

9                    **THIRD CAUSE OF ACTION**

10         18.    In answering Paragraph 86 of the Third Cause of Action, PAULA

11   repeats and realleges her responses to Paragraphs 1 through 85 of the Complaint.

12         19.    As Paragraphs 87, 88, and 89 of the Third Cause of Action concern other

13   Defendants, PAULA can neither admit nor deny the allegations contained therein.

14                   **FOURTH CAUSE OF ACTION**

15         20.    In answering Paragraph 90 of the Fourth Cause of Action, PAULA

16   repeats and realleges her responses to Paragraphs 1 through 89 of the Complaint.

17         21.    PAULA denies each and every allegation as set forth in Paragraphs 691,

18   92, 93, 94, 95, and 96 of the Fourth Cause of Action.

19                    **FIFTH CAUSE OF ACTION**

20         22.    In answering Paragraph 97 of the Fifth Cause of Action, PAULA repeats

21   and realleges her responses to Paragraphs 1 through 96 of the Complaint.

22         23.    PAULA denies each and every allegation as set forth in Paragraphs 98,

23   99, 100, 101, 102, and 103 of the Fifth Cause of Action.

24                    **SIXTH CAUSE OF ACTION**

25         24.    In answering Paragraph 104 of the Sixth Cause of Action, PAULA

26   repeats and realleges her responses to Paragraphs 1 through 103 of the Complaint.

27         25.    PAULA denies each and every allegation as set forth in Paragraphs 105,

28   106, 107, 108, 109, 110, 111, 112, 113, 114, and 115 of the Sixth Cause of Action.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

4 of 24

**SEVENTH CAUSE OF ACTION**

26.     In answering Paragraph 116 of the Seventh Cause of Action, PAULA repeats and realleges her responses to Paragraphs 1 through 115 of the Complaint.

27.     As Paragraphs 117, 118, and 119 of the Seventh Cause of Action concern other Defendants, PAULA can neither admit nor deny the allegations contained therein.

**EIGHTH CAUSE OF ACTION**

28.     In answering Paragraph 120 of the Eighth Cause of Action, PAULA repeats and realleges her responses to Paragraphs 1 through 119 of the Complaint.

29.     As Paragraphs 121, 122, 123, 124, 125, and 126 of the Eighth Cause of Action concern other Defendants, PAULA can neither admit nor deny the allegations contained therein.

**<u>AFFIRMATIVE DEFENSES</u>**

1.     The Complaint fails to state a claim on which relief can be granted.

2.     To the extent applicable, the Complaint is barred by the applicable statutes of limitations.

3.     Defendant did not breach any duty, contractual or otherwise, owed to Plaintiffs under state or federal law.

4.     Plaintiffs alleged damages, if any, were in no way caused by, or the result of, Defendant's acts or omissions, but were caused by circumstances, persons, and/or entities for which and/or by whom Defendant is not and may not be held responsible, including Plaintiffs, and for which Defendant cannot be held liable.

5.     To the extent applicable, Plaintiffs have failed to mitigate damages, and to the extent of such failure, any damages awarded to Plaintiffs should be reduced accordingly.

6.     Plaintiffs have failed to allege facts sufficient to justify an award of punitive damages, liquidated damages, consequential damages or attorney's fees.

7.     Defendant asserts that punitive damages and/or liquidated damages

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1 constitute excessive fines prohibited by the United States and Nevada Constitutions.

2 The relevant statutes do not permit punitive damages, provide adequate standards

3 or safeguards for their application, and are void for vagueness under the due process

4 clause of the Fourteenth Amendment of the United States Constitution and in

5 accordance with Article 1, Section 8 of the Nevada Constitution.

6       8.     Defendant is informed and believes that the facts to be developed

7 through discovery in this action may reveal additional affirmative defenses.

8 Therefore, Defendant reserves the right to amend this Answer to include any

9 additional affirmative defenses later found to be applicable.

10       9.     Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches,

11 and unclean hands.

12      10.    Plaintiffs' damages are the result of Plaintiffs' own acts or omissions,

13 whether negligent, intentional, or otherwise, and not the result of acts of omissions

14 of Defendant.

15      11.    Plaintiffs have failed to allege facts sufficient to justify injunctive relief.

16      12.    Plaintiffs failed to satisfy all conditions precedent to any rights they are

17 attempting to assert under their contract claims.

18      13.    Any damages Plaintiffs claim are offset by amounts owed to Defendant.

19      14.    Plaintiffs' contract claim fails for lack of consideration in the relevant

20 contract.

21      WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

22      1.     That Plaintiffs take nothing by virtue of the First Amended Complaint;

23      2.     That judgment be entered in favor of Defendant and against Plaintiffs;

24      3.     That Defendant be awarded attorneys' fees and costs; and

25      4.     For such other and further relief as the Court deems just and proper.

26      **AMENDED COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

27      **PARTIES**

28      1.     PAULA was a resident of Clark County, Nevada when the incidents

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

6 of 24

1   alleged in the Counterclaim took place. PAULA is now a resident of the State of

2   Oregon.

3       2.      Upon information and belief, PROCARE is a business entity licensed to

4   do business in Clark County, Nevada.

5       3.      Upon information and belief, Defendant BIRNBAUM is an individual

6   who resides in Clark County, Nevada.

7                           **GENERAL ALLEGATIONS**

8       4.      PAULA was hired by PROCARE in 2014 as a marketing liaison. She

9   was promoted to Marketing Director in June 2019.

10      5.      When PAULA was promoted to Marketing Director, she was not given

11  a raise but was expected to be available twenty-four (24) hours a day, seven (7) days

12  a week and to take calls on weekends and during vacations.

13      6.      While PAULA was an employee at PROCARE, her supervisors and the

14  owners of PROCARE would regularly make discriminatory and demeaning comments

15  to her about her age and gender.

16      7.      Derrick Montemayor, who was PAULA's supervisor and, at the time, the

17  fiancé of an owner of PROCARE, told her that she was "too old for the job" and further

18  told her that his female employees should wear short skirts to work.

19      8.      Mr. Montemayor made belittling comments to PAULA at work

20  luncheons, in front of referral sources and PAULA's accounts.

21      9.      At one meeting in particular, in front of several members of

22  management and the owners, Mr. Montemayor berated PAULA for her marketing

23  report.

24      10.     He removed Ms. Hambly from the field, where she was succeeding, and

25  only allowed her to call on referrals. There was no nondiscriminatory purpose for this

26  change.

27      11.     Ms. Hambly reported this conduct to Human Resources, and no

28  disciplinary action was ever taken against Mr. Montemayor. Upon information and

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1  belief, PAROCARE did not do any investigation into PAULA's allegations.

2      12.  PAULA went further and reported Mr. Montemayor's behavior to one of

3  the owners, BIRNBAUM, who replied, "Well, you know he is family, and he sleeps

4  with the owner." Nothing was done.

5      13.  Additionally, PAULA experienced other unlawful conduct while she was

6  employed by PROCARE.

7      14.  BIRNBAUM, as recently as January 2020, would kiss PAULA on the

8  lips when he would see her. These kisses were not consented to by PAULA and were

9  not welcome.

10      15.  BIRNBAUM had a habit of kissing female employees on the lips without

11  their consent or invitation. It was well-known by the female employees of PROCARE

12  that if they saw BIRNBAUM, they would need to prepare themselves for unwanted

13  physical contact.

14      16.  BIRNBAUM's offensive conduct was also witnessed by customers of

15  PROCARE who also, upon information and belief, found it offensive and

16  inappropriate.

17      17.  Every time PAULA worked with BIRNBAUM, or interacted with him at

18  work, she had to prepare herself for unwanted and offensive contact. PAULA would

19  even try to run her cheek away from BIRNBAUM in these instances to stop him from

20  making contact with her lips.

21      18.  PAULA had to work with BIRNBAUM and, in many instances, had to

22  be in a car or a room alone with him. This caused PAULA significant emotional

23  distress as she was always anticipating his next offensive comment or more harmful

24  physical contact.

25      19.  BIRNBAUM would regularly make demeaning comments about

26  younger female employees' appearances in front of PAULA, including making

27  comments about how the younger female employees do better on their knees.

28      20.  Specifically, in addressing one female employee, BIRNBAUM

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1   commented that one only needed to look at her knees to know she was a good

2   marketer.

3       21.   BIRNBAUM engaged in this harmful and offensive conduct during

4   business hours, while PAULA was forced to work alongside him.

5       22.   BIRNBAUM engaged in this harmful and offensive conduct during the

6   course and scope of his assigned activities on behalf of PROCARE. BIRNBAUM

7   further engaged in this harmful and offensive conduct with PROCARE's ratification.

8       23.   It was foreseeable to PROCARE that BIRNBAUM would engage in such

9   harmful and offensive conduct towards PAULA as BIRNBAUM had a history of such

10   contact with other female employees and PROCARE, through its owners and agents,

11   was aware of such a history and did nothing to address it.

12       24.   PAULA complained about BIRNBAUM's actions and his unwanted

13   physical contact on many, many occasions. She was told by PROCARE that

14   BIRNBAUM's behavior was inappropriate but there was nothing done about it.

15   BIRNBAUM continued this kind of unwanted physical contact with female employees

16   for the entirety of PAULA's employment with PROCARE.

17       25.   PAULA began to hear rumors in January 2020 that she was going to be

18   fired. It was well-known to PAULA and to many of her co-employees that PROCARE

19   was attempting to terminate her because of her age.

20       26.   Roberta Walski, who is an owner and Chief Executive Officer of

21   PROCARE, made comments such as the "only good thing about Paula is that she is

22   capable of closing."

23       27.   In approximately February 2020, PAULA moved to Oregon. She had

24   already been working from home and PROCARE approved her move.

25       28.   On March 3, 2020 PROCARE decided to eliminate PAULA's position

26   title even though the work of a marketing director was still necessary and was still

27   being performed by her.

28       29.   Her pay was cut by more than $40,000.00—from $108,000.00 annually

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1  plus commissions to $70,000.00 annually with no commissions—because, as she was

2  told, she was "way over paid."

3      30.    PAULA was not given written notice of the decrease in her pay.

4      31.    While PAULA's pay was cut, Mr. Montemayor's pay remained the same

5  even though he had been removed from the position of Director of Business

6  Development several years prior yet was allowed to keep the salary and the title so

7  as not to "break his spirit."

8      32.    Mr. Montemayor and PAULA were similarly situated in their titles as

9  Director of Business Development and Director of Marketing respectively.

10      33.    In fact, three (3) female employees on PAULA's team—all younger than

11  her but with less experience and seniority—made $75,000.00, $83,000.00, and

12  $88,000.00 annually with commissions.

13      34.    On June 29, 2020 during a phone call with numerous team members,

14  Kim Anderson, who was the new Chief Strategy Officer, demeaned PAULA in front

15  of her coworkers.

16      35.    Ms. Anderson continued to target PAULA in several other phone

17  conversations on that day, berating her and chiding her for perceived mistakes that

18  PAULA did not make.

19      36.    Ms. Anderson yelled at PAULA over the phone and told her that she cost

20  PROCARE accounts and that she "blew it."

21      37.    It was clear to PAULA that PROCARE, through its employees, agents,

22  and owners, created an environment that was so difficult and unpleasant for PAULA

23  that she would quit or PROCARE would be able to fire her under a pretense.

24      38.    The working environment created by PROCARE, through its employees,

25  agents, and owners was hostile and discriminatory. PROCARE's discriminatory

26  practices were witnessed by several employees who acknowledge that PAULA was

27  discriminated against because of her age.

28      39.    PAULA sent a Complaint to Human Resources on June 29, 2020

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

10 of 24

1  concerning Ms. Anderson's conduct, and no action was taken. PAULA was wrongfully

2  terminated shortly after filing her Complaint on July 10, 2020 in retaliation.

3      40.    PAULA timely filed a Complaint with the Equal Employment

4  Opportunity Commission (EEOC) concerning Defendant's conduct.

5      41.    On or about March 12, 2021 PAULA received a Notice of Right to Sue

6  from the EEOC.

7      42.    This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

8      43.    Plaintiff has exhausted all their administrative remedies on all claims

9  pled hereunder prior to filing this action with this Court.

10  **FIRST CAUSE OF ACTION**

11  **Battery**

12  **(Against BIRNBAUM)**

13      44.    Plaintiff repeats and realleges all the foregoing allegations as though

14  fully set forth herein.

15      45.    BIRNBAUM made a habit of kissing female employees, including

16  PAULA, on the lips without invitation or consent.

17      46.    The physical contact by BIRNBAUM with PAULA's person was

18  unwanted, offensive, and harmful.

19      47.    BIRNBAUM intended to cause such harmful and offensive contact with

20  PAULA as was his pattern and practice for the entirety of PAULA's employment with

21  PROCARE.

22      48.    BIRNBAUM did cause harmful and offensive contact with PAULA.

23      49.    PROCARE is vicariously liable for BIRNBAUM's actions because those

24  actions were not independent ventures, were committed during the very tasks

25  assigned to BIRNBAUM by PROCARE and were reasonably foreseeable.

26      50.    As a direct, proximate and legal result of BIRNBAUM's actions, PAULA

27  has been injured.

28      51.    As a direct, proximate, and legal result of BIRNBAUM's offensive and

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

11 of 24

1  harmful contact, Plaintiff has been damaged in excess of $15,000.00.

2      52.    BIRNBAUM is guilty of oppression, fraud, and/or malice, express or

3  implied, because BIRNBAUM knowingly and intentionally caused harmful and

4  offensive contact to the person of PAULA.

5      53.    Plaintiff has been required to retain legal counsel to enforce her rights

6  and seeks recovery of all reasonable attorney's fees and costs incurred in this action.

7  **SECOND CAUSE OF ACTION**

8  Assault

9  (Against BIRNBAUM)

10      54.    Plaintiff repeats and realleges all the foregoing allegations as though

11  fully set forth herein.

12      55.    An actor commits assault when he causes another to fee apprehension

13  of harmful or offensive conduct.

14      56.    On every occasion that PAULA knew she had to work with BIRNBAUM

15  or see him, she felt apprehension because she knew he would engage in offensive

16  contact by kissing her on the lips without invitation or consent.

17      57.    BIRNBAUM's conduct was the direct and proximate cause of injury to

18  PAULA.

19      58.    PROCARE is vicariously liable for BIRNBAUM's actions because those

20  actions were not independent ventures, were committed during the very tasks

21  assigned to BIRNBAUM by PROCARE and were reasonably foreseeable.

22      59.    As a direct, proximate and legal result of BIRNBAUM's actions, PAULA

23  has been injured.

24      60.    As a direct, proximate, and legal result of BIRNBAUM's offensive and

25  harmful contact, Plaintiff has been damaged in excess of $15,000.00.

26      61.    BIRNBAUM is guilty of oppression, fraud, and/or malice, express or

27  implied, because BIRNBAUM knowingly and intentionally caused harmful and

28  offensive contact to the person of PAULA.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

12 of 24

62. Plaintiff has been required to retain legal counsel to enforce her rights and seeks recovery of all reasonable attorney's fees and costs incurred in this action.

### THIRD CAUSE OF ACTION

#### Negligent Hiring, Training, Supervision, and Retention

#### (Against PROCARE)

63. Plaintiff repeats and realleges all the foregoing allegations as though fully set forth herein.

64. PROCARE had a duty to act reasonably in the hiring, training, supervision, and retention of employees and agents.

65. PROCARE had a duty to train their employees on applicable policies and procedures that must be followed when investigating a complaint such as that made by Plaintiff in this matter.

66. PROCARE had a duty to supervise their employees in a reasonable manner so as to assure that their employees were following all applicable policies and procedures.

67. PROCARE had a duty to supervise all employees to assure that no employee was taking discriminatory, harassing, or other improper actions against another employee.

68. BIRNBAUM, Mr. Montemayor, Ms. Anderson, Ms. Walski, and other unknown employees of PROCARE acted in harassing, discriminatory, and offensive ways towards PAULA.

69. Upon information and belief, BIRNBAUM, Mr. Montemayor, Ms. Anderson, Ms. Walski, and other unknown employees of PROCARE failed to adequately protect PAULA from harassing, discriminatory, and offensive conduct and failed to appropriately address and investigate such conduct when PAULA brought it to their attention on multiple occasions.

70. PROCARE's conduct was the direct and proximate cause of injury to PAULA.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

13 of 24

71.     As a direct, proximate and legal result of PROCARE's actions, PAULA has been injured.

72.     As a direct, proximate, and legal result of PROCARE's actions, Plaintiff has been damaged in excess of $15,000.00.

73.     Plaintiff has been required to retain legal counsel to enforce her rights and seeks recovery of all reasonable attorney's fees and costs incurred in this action.

## FOURTH CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

### (Against PROCARE)

74.     Plaintiff repeats and realleges all the foregoing allegations as though fully set forth herein.

75.     At all relevant times, PAULA was an employee of PROCARE and PROCARE was her employer within the meaning of the Fair Labor Standards Act (FLSA).

76.     In or around March 3, 2020 PROCARE eliminated PAULA's position title but kept her duties and responsibilities the same. Additionally, PROCARE cut her pay by more than $40,000.00—from $108,000.00 annually plus commissions to $70,000.00 annually with no commissions—because, as she was told, she was "way over paid."

77.     While PAULA's pay was cut, Mr. Montemayor's pay remained the same even though he had been removed from the position of Director of Business Development several years prior yet was allowed to keep the salary and the title so as not to "break his spirit."

78.     The actions of PROCARE as described herein constitute violations of the FLSA, including, among other provisions, its Equal Pay Act, for discrimination in pay based upon PAULA's gender.

79.     PAROCARE knew or should have known of their unlawful conduct.

80.     Mr. Montemayor and PAULA were similarly situated in their titles as

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

1  Director of Business Development and Director of Marketing respectively.

2      81.    PROCARE is liable to PAULA for its unlawful conduct under the FLSA.

3      82.    As a direct and proximate result of PROCARE's conduct, PAULA has
4  suffered irreparable injury and monetary damages.

5      83.    PROCARE's conduct was willful as defined by the FLSA, thereby
6  warranting the imposition of liquidated damages.

7      84.    As a direct, proximate, and legal result of PROCARE's actions, Plaintiff
8  has been damaged in excess of $15,000.00.

9      85.    Plaintiff has been required to retain legal counsel to enforce her rights
10  and seeks recovery of all reasonable attorney's fees and costs incurred in this action.

11                          **FIFTH CAUSE OF ACTION**

12                             **Declaratory Relief**

13      86.    Plaintiff repeats and realleges all the foregoing allegations as though
14  fully set forth herein.

15      87.    A justiciable controversy exists between PAULA and Defendants with
16  respect to the non-compete agreement and the restrictive covenants therein and
17  whether those agreements are enforceable.

18      88.    There was no adequate consideration for the non-compete agreement
19  and the restrictive covenants therein as PAULA's compensation was reduced.
20  Moreover, the non-compete agreement and the restrictive covenants therein are
21  overly burdensome and overly broad, in violation of Nevada law.

22      89.    This non-compete agreement and the restrictive covenants therein have
23  precluded PAULA from engaging in employment or other activity that she otherwise
24  would be able to engage in.

25      90.    These issues are ripe for judicial determination.

26      91.    Plaintiff respectfully requests this Honorable Court declare that the
27  non-compete agreement at issue in this case, and the restrictive covenants therein,
28  are unenforceable under Nevada law.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

92. As a direct proximate and legal result of Defendants' actions as alleged herein, PAULA has faced irreparable harm for which declaratory and other injunctive and equitable relief is appropriate and necessary.

93. Plaintiff has been required to retain legal counsel to enforce her rights and seeks recovery of all reasonable attorney's fees and costs incurred in this action.

## SIXTH CAUSE OF ACTION

### Injunctive Relief

94. Plaintiff repeats and realleges all the foregoing allegations as though fully set forth herein.

95. PAULA has a strong likelihood of prevailing on the merits in this action. Defendants' egregious conduct, as describe herein throughout, establishes the elements of the claims alleged herein.

96. Because PROCARE has systematically interfered with PAULA's ability to make a living by insisting on her complying with an unlawful non-compete agreement, PROCARE has caused PAULA immediate and irreparable harm that is not compensable with monetary damages.

97. PAULA has no adequate remedy at law for Defendants' actions and conduct, as alleged herein, as monetary damages will not fully compensate her for the consequences of Defendants' unlawful activities.

98. The balance of hardships tips sharply in favor of PAULA. Failing to grant injunctive relief will provide PROCARE with an unfair advantage.

99. Accordingly, PAULA is entitled to an injunction prohibiting PROCARE from enforcing the non-compete agreement.

100. Injunctive relief is appropriate as monetary damages are insufficient to protect PAULA's rights and privileges to continue employment free from interference and interruption.

101. Plaintiff has been required to retain legal counsel to enforce her rights and seeks recovery of all reasonable attorney's fees and costs incurred in this action.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

16 of 24

## SEVENTH CAUSE OF ACTION

**Discrimination and Harassment Based on Sex in Violation of Title VII of the Civil Rights Act of 1964**

102.   Plaintiff repeats and realleges all the foregoing allegations as though fully set forth herein.

103.   PAULA is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on sex.

104.   Defendant PROCARE as employer is subject to Title VII, 42 U.S.C. § 2000e, etc., as amended and, thus, have a legal obligation to provide PAULA a fair, non-discriminatory work environment and employment opportunities.

105.   PROCARE refused to take reasonably adequate steps to prevent discrimination and harrassment against PAULA by knowingly favoring employees not of PAULA's protected class.

106.   PROCARE discriminated against PAULA when they failed to treat her the same way as similarly situated employees not of PAULA's protected class.

107.   PAULA was subjected to physical and verbal harassment by BIRNBAUM and Montemayor on a pervasive and ongoing basis.

108.   No other similarly situated persons, not of PAULA's protected class, were subject to the same or substantially similar conduct.

109.   PAULA suffered adverse economic impact due to PROCARE's unlawful treatment of her, including her termination.

110.   PAULA was embarrassed, humiliated, angered, depressed, and discouraged by the discriminatory actions taken against her.

111.   PAULA suffered compensable emotional and physical harm, including but not limited to, sleeplessness, anxiety, depression, hopelessness, and helplessness resulting from this unlawful discrimination by PROCARE.

112.   PAULA is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

113. Pursuant to the 1991 amendments to Tile VII, PAULA is entitled to recover punitive damages for PROCARE's intentional repeated violations of federal and state civil rights laws.

114. PAULA suffered damages in an amount to be determined by the Jury.

115. PAULA is entitled to an award of reasonable attorney's fees.

116. PROCARE is guilty of oppression, fraud, and/or malice, express or implied, as PROCARE knowingly and intentionally discriminated against PAULA because of her sex.

117. Therefore, PAULA is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing PROCARE in an amount to be determined by a Jury.

## EIGHTH CAUSE OF ACTION

**Discrimination and Harassment Based on Sex in Violation of NRS 613.330(1)(a)**

118. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

119. NRS 613.330(1)(a) demonstrates that an employer cannot discriminate against any person with respect to the person's compensation, terms, conditions, or privileges of employment because of her sex.

120. PROCARE refused to take reasonably adequate steps to prevent discrimination against PAULA by knowingly favoring employees not of PAULA's protected class.

121. PROCARE discriminated against PAULA when they failed to treat her the same way as similarly situated employees not of PAULA's protected class.

122. PAULA was subjected to physical and verbal harassment by BIRNBAUM and Montemayor on a pervasive and ongoing basis.

123. No other similarly situated persons, not of PAULA's protected class, were subject to the same or substantially similar conduct.

124. PAULA suffered adverse economic impact due to PROCARE's unlawful

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

18 of 24

1    treatment of her, including her termination.

2        125.   PAULA was embarrassed, humiliated, angered, depressed, and
3    discouraged by the discriminatory actions taken against her.

4        126.   PAULA suffered compensable emotional and physical harm, including
5    but not limited to, sleeplessness, anxiety, depression, hopelessness, and helplessness
6    resulting from this unlawful discrimination by PROCARE.

7        127.   PAULA is entitled to be fully compensated for her emotional disturbance
8    by being forced to endure this discrimination.

9        128.   PAULA is entitled to recover punitive damages for PROCARE's
10   intentional repeated violations of NRS 613.330 et. seq.

11       129.   PAULA suffered damages in an amount to be determined by the Jury.

12       130.   PAULA is entitled to an award of reasonable attorney's fees.

13       131.   PROCARE is guilty of oppression, fraud, and/or malice, express or
14   implied, as PROCARE knowingly and intentionally discriminated against PAULA
15   because of her sex.

16       132.   Therefore, PAULA is entitled to recover damages for the same of
17   example, to deter other employers from engaging in such conduct and by way of
18   punishing PROCARE in an amount to be determined by a Jury.

19                          **NINTH CAUSE OF ACTION**

20              **Retaliation in Violation of 42 U.S.C. § 2000e-3**

21       133.   Plaintiff repeats and realleges the foregoing allegations as if fully set
22   forth herein.

23       134.   In violation of 42 U.S.C. § 2000e-3 and NRS Chapter 613, Defendant
24   retaliated against Plaintiff after she complained about acts that she reasonably
25   believed were discriminatory.

26       135.   There may be more detrimental acts of which Plaintiff is unaware which
27   may also constitute retaliation in that it harmed Plaintiff.

28       136.   The actions and conduct by Defendant constitute illegal retaliation

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

19 of 24

1   which is prohibited by federal law.

2       137.   Plaintiff suffered damages in an amount to be determined by a Jury.

3       138.   Plaintiff is entitled to an award of reasonable attorney's fees.

4       139.   Defendant is guilty of oppression, fraud, and/or malice, express or

5   implied, because Defendant knowingly and intentionally retaliated against Plaintiff

6   because she complained of acts they considered discriminatory.

7       140.   Therefore, Plaintiff is entitled to recover damages for the sake of

8   example, to deter employers from engaging in such conduct and by way of punishing

9   Defendant in an amount to be determined by a Jury.

10                          **TENTH CAUSE OF ACTION**

11  **Discrimination Based on Age in Violation of the Age Discrimination in Employment**

12                          **Act and NRS 613.330(1)**

13      141.   Plaintiff repeats and realleges the foregoing allegations as if fully set

14  forth herein.

15      142.   It is the pattern and practice of PROCARE to treat employees differently

16  and negatively when the employee is among the older employees in the practice.

17  Because of, and but for, her age, PAULA would not have been subjected to the

18  inequitable imposition of adverse actions and termination.

19      143.   PAULA was treated differently and negatively with regard to

20  performance standards, compensation, and standards of when discipline or adverse

21  actions were imposed, relative to younger employees of PROCARE at the time the

22  discriminatory actions referenced herein occurred.

23      144.   For the reasons set forth herein and in the papers filed with the EEOC,

24  PROCARE violated 29 U.S.C. §623(a)(1) of the ADEA and NRS 613.330(1), by

25  unlawfully discrimination against PAULA due to her age, over 40, and by

26  discriminating against her in favor of younger employees.

27      145.   Because PROCARE unlawfully discriminated against PAULA on

28  account of her age, in violation of federal and Nevada law, Defendant must pay

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

20 of 24

1   PAULA damages in an amount to be determined by the Jury at trial, including

2   compensatory damages for emotional pain, anguish, suffering, and inconvenience.

3        146.   PAULA was embarrassed, humiliated, angered, depressed, and

4   discouraged by the discriminatory actions taken against her.

5        147.   PROCARE is guilty of oppression, fraud, and/or malice, express or

6   implied, as PROCARE knowingly and intentionally discriminated against PAULA

7   because of her age.

8        148.   Therefore, PAULA is entitled to recover damages for the sake of

9   example, to deter other employers from engaging in such conduct and by way of

10  punishing PROCARE in an amount to be determined by a Jury.

11       149.   PAULA is entitled to recover punitive damages for PROCARE's

12  intentional repeated violations of NRS 613.330 et. seq.

13       150.   PAULA suffered compensable emotional and physical harm, including

14  but not limited to, sleeplessness, anxiety, depression, hopelessness, and helplessness

15  resulting from this unlawful discrimination by PROCARE.

16       151.   PAULA suffered adverse economic impact due to PROCARE's unlawful

17  treatment of her, including her termination.

18       152.   PAULA is entitled to an award of reasonable attorney's fees.

19                 **ELEVENTH CAUSE OF ACTION**

20  **Retaliation in Violation of the Age Discrimination in Employment Act and NRS**

21                             **613.340(1)**

22       153.   Plaintiff repeats and realleges the foregoing allegations as if fully set

23  forth herein.

24       154.   Plaintiff engaged in activities in opposition to age bias and

25  discriminatory employment practices against her at PROCARE that were related to

26  her age, as set forth herein.

27       155.   Plaintiff's activities in opposition to age bias and discriminatory

28  employment practices against her related to her age were protected by the ADEA.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

156.   For the reasons set forth herein, PROCARE violated 29 U.S.C. § 623(d) of the ADEA, and NRS 613.340(1), by unlawfully retaliating against Plaintiff for engaging in protected activity in opposition to age bias and discriminatory employment practices against her at PROCARE that were related to her age.

157.   Because PROCARE unlawfully retaliated against Plaintiff for engaging in protected activity in opposition to age bias and discriminatory employment practices against her at PROCARE that were related to her age, in violation of federal and Nevada law, PROCARE must pay Plaintiff damages in an amount to be determined at trial, for backpay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

158.   Because PROCARE has been guilty of oppression, fraud, or malice, express or implied, PROCARE must pay Plaintiff an additional amount for the sake of example and by way of punishment.

159.   Plaintiff has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of these violations of the ADEA; therefore, she is entitled to recover reasonable attorney's fees against PROCARE pursuant to 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff as follows:

1.   Awarding judgment as appropriate and requiring Defendants to pay Plaintiff's compensatory damages, consequential damages, special damages, and any other damages described herein and to be proven at trial, including back pay, and front pay, in an amount in excess of $15,000.00;

2.   Awarding prejudgment interest;

3.   Awarding punitive damages;

4.   Awarding Plaintiff fees and costs associated with bringing this action,

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

22 of 24

in addition to reasonable attorney's fees as provided by the United States and or the Nevada statutes; and

     5.     Granting such other and further relief as this Court deems necessary and proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues triable by a jury herein.

Dated this 29th day of March, 2021.

                              GARG GOLDEN LAW FIRM


By   *Amanda J. Brookhyser*
     AMANDA J. BROOKHYSER
     Nevada Bar No. 11526
     3145 St. Rose Parkway, Suite 230
     Henderson, Nevada 89052
     (702) 850-0202
     Counsel for Defendant Paula Hambly

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

23 of 24

1

## CERTIFICATE OF SERVICE

2     I certify that on the 29th day of March, 2021, I electronically filed the foregoing

3 AMENDED ANSWER TO FIRST AMENDED COMPLAINT, JURY DEMAND, AND

4 FIRST AMENDED COUNTERCLAIM with the Clerk of the Court by using the e-

5 filing system, which served the following parties or their counsel electronically:

6                     Joseph R. Ganley, Esq.
                    David M. Doto, Esq.

7                     Richard L. Wade, Esq.
                    HUTCHISON & STEFFEN, PLLC

8                     Peccole Professional Park
                    10080 West Alta Drive, Suite 200

9                     Las Vegas, NV 89145
                    (702) 385-2500

10                     Counsel for Plaintiffs

11                                         By *Jaclin Castany*
                                          For Garg Golden Law Firm

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202